**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **GLENN WATTS, Individually and on Behalf of all Others Similarly Situated,** | § § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | **CIVIL ACTION NO. 6:17-cv-00424** |
| | § | |
| **FLOWERS FOODS, INC. and FLOWERS BAKING CO. OF TYLER, LLC,** | § § § | **JURY  DEMANDED** |
| **Defendants.** | § § § | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Glenn Watts, on behalf of himself and other similarly situated individuals, by and through his undersigned counsel, files this Original Complaint and avers as follows:

#### A. NATURE OF ACTION

1. This is a Collective Action Complaint brought to obtain relief on behalf of a class of individuals who operate(d) as product distributors for Defendants, Flowers Foods, Inc., and Flowers Baking Co. of Tyler, LLC, (collectively "Flowers") and who Defendants classify or classified as independent contractors.  Plaintiff and would-be Plaintiffs allege violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

2. Defendants employ "distributors" to deliver fresh baked goods to their customers (primarily grocery stores, mass retailers, and fast food chains).  In addition to delivering

Flowers Foods' products to Defendants customers, distributors stock the products on store shelves, retrieve outdated product, and assemble promotional displays designed and provided by Defendants.

3.      The FLSA collective group consists of all individuals who operate(d) as distributors for Flowers, and are or were classified as independent contractors working for Tyler Baking Co. of Tyler, at any time during the applicable limitations period ("Class" or "Distributors").

4.      This action challenges both the classification of distributors as independent contractors and Defendants' denial to Plaintiffs and the Class of the rights, obligations, privileges and benefits owed to them as employees.

## B.  JURISDICTION AND VENUE

5.      Plaintiff's claims arise under the FLSA.   Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

7.      Upon information and belief, there are numerous members of the proposed Federal Collective Group.

## C.  THE PARTIES

8.      Plaintiff Glenn Watts is an individual residing in Lufkin, Angelina County, Texas who works as a Flowers distributor for the Flowers Baking Co. of Tyler. He performs delivery and merchandizing services to local retailers of bakery and snack food products manufactured or sold by Flowers.  Plaintiff Watts operates out of one of the various warehouses that receive their products from the main bakery.   Both bakery and

warehouses are run by Flowers Baking Co. of Tyler.  Plaintiff regularly worked approximately 65 hours per week and did not receive overtime premium pay at any time during the relevant time period.  Based upon assertions made by Defendants that he was an independent contractor rather than an employee, Plaintiff Watts was led to believe that he had authority to hire additional help to assist him with his route. Based on these erroneous assertions, Plaintiff Watts has an individual who assists him with the duties of his route.  Plaintiff Watt's 65 hours of work per week are exclusive of any hours worked by any individual with whom Plaintiff Watts has contracted for assisting him with his route.

9.  Flowers Foods, Inc. is a Georgia corporation with its principal place of business at 1919 Flowers Circle, Thomasville, Georgia, 31757.  Flowers Foods hires individuals, whom it classifies as independent contractors, to distribute its products by delivering them to grocery stores and stocking the products on store shelves.  Upon information and belief, Flowers Foods, Inc. employs distributors in at least 18 different states.  Flowers Foods, Inc. sales for FY 2014 were $3.75 billion.

10.  Flowers Baking Co. of Tyler, LLC is a Texas limited liability company with its principal place of business in Tyler, Texas.  Flowers Baking Co. of Tyler is a wholly owned subsidiary of Flowers Foods, Inc. Flowers Baking Co. of Tyler hires individuals, whom it classifies as independent contractors, to deliver and stock bakery and snack food products that originate from its Tyler, Texas bakery and are sent to warehouses also run by Flowers Baking Co. of Tyler.  Flowers Baking Co. of Tyler may be served through its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

### D.  COLLECTIVE ACTION ALLEGATIONS

11.  For purposes of this action, the "relevant period" is defined as that period commencing

three years prior to the date this lawsuit was filed, and continuing thereafter.

12.  Plaintiffs bring this Complaint as a collective action, alleging violations of the FLSA on

behalf of themselves and all similarly situated individuals.  This "Federal Collective

Group" is defined as:

> All individuals who, through a contract with Defendants or
> otherwise, performed or perform as Distributors for Defendants
> under an agreement with Flowers Baking Co. of Tyler and who
> were classified by Defendants as "independent contractors"
> (collectively "Covered Positions") from the date that is three years
> preceding the commencement of this action through the close of
> the Court-determined opt-in period, who file a consent to join this
> action pursuant to 29 U.S.C. § 216(b), and who currently
> compensate or have compensated a helper(s) to assist with the
> responsibilities of their route.

13.  The "Federal Collective Group" also includes the named Plaintiff in this action.

Plaintiffs reserve the right to modify this definition prior to conditional certification of

the collective group.

14.  Plaintiff, along with current and former employees of Defendants, in Covered Positions

are similarly situated in that they have substantially similar job requirements, pay

provisions, and are subject to Defendants' common practice, policy, or plan of

controlling their daily job functions.

15.  Questions of law and fact that are common to the proposed Federal Collective Group

predominate over any individual questions.  Among such common questions of law and

fact include:

a.  Whether Route Distributors are employees subject to Flowers' control and thus

entitled to relief under the Fair Labor Standards Act?

b.   Whether Route Distributors are entitled to overtime pay premiums under federal law?

16.   Defendants regularly permitted and required Plaintiff and members of the proposed Federal Collective Group to work more than 40 hours per week without overtime compensation.

17.   Upon information and belief, Defendants knew that Plaintiff and all similarly situated individuals performed work that required overtime pay.

18.   Defendants have operated under a scheme to deprive Plaintiff and members of the proposed Federal Collective Group of overtime compensation by failing to promptly compensate them for all time worked.

19.   Defendants' conduct, as set forth in this Complaint, was willful and has caused significant damages to Plaintiff and all similarly situated individuals.

20.   The complaint of Plaintiff, and those similarly situated, for violations of the FLSA may be brought and maintained as an opt-in" collective action pursuant to U.S.C. § 216(b) because the claims of Plaintiff and those similarly situated are similar to the claims of current and former "independent contractors" who worked for Defendants.

21.   Defendants are liable under the FLSA for failing to properly compensate Plaintiff and all similarly situated individuals, and notice of this lawsuit should be sent to them.  Those similarly situated employees are known to Defendants and are readily available through Defendant's payroll records.

### E.  FACTUAL BASIS

22.   Defendant Flowers Foods is a corporation whose business consists of distributing bakery and snack food products to retail customers, using a centralized network of

communication, distribution, and warehousing facilities integrating Class members into that existing network of operations.  One of Defendant Flowers Foods' bakeries and several of its warehouses are operated by Defendant Flowers Baking Co. of Tyler.

23.    Defendant Flowers Foods, by and through its subsidiaries such as Defendant Flowers Baking Co. of Tyler, ships bakery and snack products to warehouses.  Thereafter, Distributors, such as Plaintiff and members of the proposed Federal Collective Group, arrive at a warehouse early in the morning and load their vehicles with Defendants' products.

24.    The distributors then deliver the product to Defendants' retail customers according to guidelines and schedules negotiated between Defendants and their retail customers.

25.    In an effort to perpetuate a scheme that would deny Plaintiff and those similarly situated the rights and benefits provided by the FLSA, Defendants require all potential Distributors to "purchase" a predetermined territory in support of its efforts to classify them as independent contractors.

26.    The distributor agreement between Defendants and its distributors (including Plaintiff) has no specific end date and can be terminated by Flowers without notice.

27.    Defendants markets their bakery and snack products to retailers such as Wal-Mart, Target, Dollar General, and other grocery stores and mass merchants.  Defendants negotiate with the retailers to set virtually all terms of the relationship including:

a.    Wholesale and retail prices for products;

b.    Service and delivery agreements;

c.    Shelf space to display products;

d.    Product selection;

e.   Promotional pricing for products;

f.   The right to display promotional materials;

g.   Print advertisements in retailers' newspaper ads; and

h.   Virtually every other term of the agreement.

28.   Defendants often negotiates the above terms for fresh-baked bread and snack products (which are distributed by Plaintiff and members of the proposed Federal Collective Group) at the same time as it negotiates terms for its dropped-shipped shelf-stable products as well as frozen products (which are not distributed by Plaintiff).  The result is that job duties of Plaintiff and members of the proposed Federal Collective Group and their ability to earn income are tied directly to the sale and promotion of products outside of their control.

29.   The relationship between each member of the Class and Defendant is essentially the same in material respects.

30.   Plaintiff and members of the proposed Federal Collective Group must strictly follow Defendants instructions and adhere to the pricing, policies, and procedures negotiated between Defendants and their retailer-customers.

31.   Distributors use Defendants' hand-held computer to log the delivery, and Defendant bills its customers using the data entered into the computer by the Distributor.  The terms of the sale are negotiated between Defendants and its retailer-customer.

32.   Distributors place Defendants' products on the retailer-customer's shelves, remove stale or rejected product, and organize the retailer-customer's display shelf.  If Defendants are running a sale or promotion, the Distributor also stocks and constructs the promotional display.

33.    Defendants represented to Plaintiff and other Distributors that they would run their businesses independently, have the discretion to use their business judgment, and have the ability to manage their businesses to increase profitability.

34.    Contrary to its representations, Defendants denied Plaintiff and other Distributors benefits of ownership and entrepreneurial skill by retaining and exercising the following rights:

a.   The right to negotiate the wholesale price for the purchase and sale of products in all but their smallest of accounts;

b.   The right to negotiate shelf space in the stores in the Distributor's territory;

c.   The right to negotiate the retail sales price for products;

d.   The right to establish all sales and promotions and to require Distributors to follow them;

e.   The right to change orders placed by Distributors, to require them to pay for product they did not order, load it on their trucks, deliver it to stores, maintain the product in store, remove the product from the store, and return in to the warehouse for credit; Distributors who did not attempt to distribute the extra product were billed for the full wholesale price of the product;

f.   The right to discipline Distributors, up to and including written reprimands, for reasons including not servicing a store;

g.   The right to handle customer complaints against the distributor and to take disciplinary action against the distributor based on such complaints;

h.   The right to withhold pay for specified expenses;

i.   The right to unilaterally terminate the distributor relationship;

j.   The right to unilaterally vary the standards, guidelines, and operating procedures; and

k.   Various other rights reserved by Defendants.

35.   Defendants not only retained the rights listed above, but exercised these rights as well.

36.   Plaintiff and others similarly situated all receive W-2 forms at the end of the year.

37.   Plaintiff and the proposed Federal Collective Group were, or are, required to accept Defendants' conditions of employment or face termination.

38.   Plaintiff and the proposed Federal Collective Group were, or are, prohibited from carrying, delivering or transporting any competitive products.

39.   At times, Defendants modified a Distributor's order to increase the amount of the order. If a distributor refuses the additional product, Defendants bill the distributor for the product and deduct the cost from the Distributor's wages even if the product never left the warehouse.

40.   Defendants require the Distributors to process all transactions through a hand-held computer provided by Defendants. The hand-held computer controls the product prices, maintains customer information, tracks mileage, and monitors business performance.

41.   At the end of every day, Plaintiff and members of the proposed Federal Collective Group are required to bring the hand-held computers back to a central location where the hand-held computers sync up with central office before being picked up by the Distributors the following day.

42.   Defendants control Plaintiff's and the proposed Federal Collective Group's opportunities for profit or loss by both controlling wholesale pricing and negotiating retail pricing. Specifically, Defendants negotiate the sale of its products with major retailers.  Plaintiff and members of the proposed Federal Collective Group then deliver the product to store

locations per the agreement between Defendants and the retailer.  Plaintiff and members of the proposed Federal Collective Group lack discretion as to what products to distribute to a particular store, whether to run sales or promotions, how frequently to service stores, and similar discretion that would allow them to increase (or decrease) the profitability of their work.

43.     Territories for each distributor are exclusive to each route distributor, but Defendants retain the right and exercise the right to enter and negotiate with the route distributor's stores in any territory.

44.     Distributors' investment in equipment to operate their route is relatively low.  Many distributors use their personal vehicles and a trailer to transport Flowers products to retailers.  Apart from the purchase of a small trailer, there is no other investment necessary because Defendants provide computer equipment, administrative support, warehouse space, advertisements, promotional materials, bakery trays, market advice, strategic development, and virtually every other business necessity.  Defendants even arrange for insurance and vehicle financing on behalf of Distributors; Distributors pay for insurance through wage deductions.

45.     The distribution job performed by Plaintiff and members of the proposed Federal Collective Group does not require specialized skills.

46.     Because they were misclassified as non-employees, Plaintiff and members of the proposed Federal Collective Group were denied the rights and benefits of employment, including, but not limited to overtime premium wages.

47.     Plaintiff and members of the proposed Federal Collective Group have incurred expenses for route fees, warehouse fees, administrative fees, equipment, insurance, product loss,

product return, and other expenses that Defendant has required them to purchase or pay, or that are necessary for their work.

48.     Plaintiff is aware of other distributors who worked 40 or more hours per week on average without receiving overtime premium wages.

49.     Defendants' mischaracterization of the Distributors as independent contractors, the concealment or non-disclosure of the true nature of the relationship between Defendant and the distributors, and the denial of substantial rights and benefits of employment are part of an on-going unlawful practice by Defendants which this Court should enjoin.

### F.  CAUSE OF ACTION:
### FAILURE TO PAY OVERTIME
### TO FEDERAL COLLECTIVE GROUP

50.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

51.     Section 206(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

> 29 U.S.C. § 207(a)(1).

52.     There are no exemptions applicable to Plaintiff or to other members of the Federal Collective Group.

53.     For purposes of the FLSA, the employment practices of Defendants were and are uniform in all respects material to the claims asserted in this Complaint.

54.     At all relevant times, Defendants have had gross operating revenues in excess of

$500,000.

55.   In committing the wrongful acts alleged to be in violation of the FLSA, Defendants acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime wages to Plaintiffs and other members of the Federal Collective Group.

56.   As a result of Defendants failure to pay overtime premium wages, Plaintiff and other members of the Federal Collective Group were damaged in an amount to be proved at trial.

57.   Therefore, Plaintiff respectfully demands that they and other members of the Federal Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest, damages, penalties and attorneys' fees as provided by law.

## G. JURY DEMAND

58.   Plaintiff demands a jury on all issues to be tried in this matter.  Plaintiff has submitted the jury demand and herein submits the jury fee.

## H. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and those similarly situated, request of this Court the following relief on behalf of themselves, all members of the Class and all other similarly situated individuals:

a.   That the Court enter an order allowing this action to proceed as a collective action under the FLSA and directing notice to any and all similarly situated employees;

b.   That the Court enter an order for declaratory and injunctive relief designating the Plaintiffs and members of the Federal Collective Group as employees and enjoining Defendants from pursuing illegal policies, acts, and practices described in this complaint;

c.   Judgement declaring the Defendants' conduct as willful;

d.  Judgment awarding Plaintiff and others similarly situated all unpaid overtime wages, liquidated damages, attorneys' fees and costs under the FLSA;

e.  An award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

f.  All such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

Respectfully submitted,



By:_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
2603 Augusta Drive, 14th Floor
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**